THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER KELLER,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:24-mc-00648-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Alexander Keller's ("Mr. Keller") motion to compel Synchrony Bank's ("Synchrony") compliance with two subpoenas ("Subpoenas") and to transfer his motion to compel to the District of Minnesota.[2] Based upon the analysis set forth below, the court: (1) denies Mr. Keller's motion to transfer, (2) denies Mr. Keller's motion to compel, and (3) permits Mr. Keller to file a procedurally proper motion concerning the Subpoenas.

BACKGROUND

On February 12, 2024, Mr. Keller initiated suit against Trans Union, LLC ("Trans Union") in the United States District Court for the District of Minnesota, alleging violations of the Fair Credit Reporting Act.[3] In that case, Mr. Keller alleges that Trans Union's procedures

---

[1] ECF No. 2.

[2] ECF No. 1.

[3] *Keller v. Trans Union LLC*, No. 0:24-cv-00440-JRT-JFD (D. Minn.).

were unreasonable, which caused it to report inaccurately that he was deceased. Mr. Keller further alleges that, due to that inaccurate report, Synchrony denied his credit card application.

As part of discovery in that case, Mr. Keller issued the Subpoenas in the District of Minnesota on June 24, 2024,[4] and served them on Synchrony at its headquarters in Draper, Utah, on June 27, 2024.[5] The Subpoenas sought document production and a Fed. R. Civ. P. 30(b)(6) deposition from Synchrony.[6] The Subpoenas indicated that Synchrony's document production was due on July 18, 2024,[7] and that Synchrony's Rule 30(b)(6) deposition would take place on July 24, 2024, at 9:00 a.m.[8] According to Mr. Keller, Synchrony failed to produce the requested documents, appear at the deposition, or communicate with him in any way regarding the Subpoenas.

Consequently, Mr. Keller filed the motion currently before the court, in which he seeks an order: (1) transferring his motion to the District of Minnesota, and (2) compelling Synchrony to comply with the Subpoenas by producing the requested documents and attending a Rule 30(b)(6) deposition. Synchrony did not respond to Mr. Keller's motion,[9] and the deadline for doing so has expired.[10]

---

[4] ECF No. 1-2.

[5] ECF No. 1-3.

[6] ECF No. 1-2.

[7] *Id*. at 3 of 30.

[8] *Id*. at 15 of 30.

[9] The court notes that Mr. Keller's motion does not include a certificate of service indicating that the motion was served on Synchrony.

[10] DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion.").

## ANALYSIS

For the reasons explained below, the court: (I) denies Mr. Keller's motion to transfer his motion to compel to the District of Minnesota, (II) denies Mr. Keller's motion to compel Synchrony's compliance with the Subpoenas, and (III) permits Mr. Keller to file a procedurally proper motion concerning the Subpoenas. Each issue is addressed in turn.

**I. The Court Denies Mr. Keller's Motion to Transfer His Motion to Compel to the District of Minnesota.**

Because Mr. Keller fails to meet his burden of showing exceptional circumstances to warrant a transfer of his motion to compel, the court denies his motion to transfer. Transfer of a subpoena-related motion is governed by Fed. R. Civ. P. 45(f), which provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The advisory committee notes to Rule 45 provide that "[i]n the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present."[11] With respect to exceptional circumstances, the advisory committee notes to Rule 45 further explain that "[i]n some circumstances, . . . transfer [of a subpoena-related motion] may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."[12]

---

[11] Fed. R. Civ. P. 45 advisory committee notes to 2013 amendment, subdivision (f).
[12] *Id.*

3

In support of his motion to transfer, Mr. Keller argues only that the District of Minnesota should decide his motion to compel because "determinations of relevancy will go to the heart of [his] ability to survive summary judgment in the District of Minnesota, and ultimately to try his case in front of a Minnesota jury."[13] For two reasons, that conclusory assertion fails to carry Mr. Keller's burden of showing exceptional circumstances to justify transfer of his motion to compel.

First, that assertion does not show how this court's resolution of Mr. Keller's motion to compel would disrupt the District of Minnesota's management of his case there. Indeed, Mr. Keller does not contend that the District of Minnesota has already ruled on issues presented by his motion to compel or that the issues presented by his motion to compel are likely to arise in many districts. Further, "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."[14]

Second, Mr. Keller's conclusory argument does not address the court's "prime concern" when considering whether to transfer a subpoena-related motion under Rule 45(f), which is "avoiding burdens on local nonparties subject to subpoenas," like Synchrony.[15] Ultimately, Mr. Keller fails to demonstrate that his asserted interests in transfer "outweigh the interests" of Synchrony "in obtaining local resolution" of his motion to compel.[16]

---

[13] ECF No. 1 at 7-8.

[14] Fed. R. Civ. P. 45 advisory committee notes to 2013 amendment, subdivision (f).

[15] *Id*.

[16] *Id*.

For those reasons, Mr. Keller fails to meet his burden of showing exceptional circumstances to warrant transfer of his motion to compel to the District of Minnesota under Rule 45(f). Therefore, the court denies Mr. Keller's motion to transfer.

## II. The Court Denies Mr. Keller's Motion to Compel Synchrony's Compliance with the Subpoenas.

The court denies Mr. Keller's motion to compel Synchrony's compliance with the Subpoenas because the motion is procedurally improper. As explained below, Mr. Keller's only procedural option to obtain relief for Synchrony's failure to comply with the Subpoenas is to move for an order to show cause for contempt sanctions against Synchrony under Rule 45(g).

In the context of a subpoena to produce documents, Rule 45(d)(2)(B) permits a nonparty subject to such a subpoena to serve written objections to the subpoena. That rule further provides that "[*i*]*f* an objection is made, the following rules apply," which include the provision that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."[17] With respect to a subpoena to a nonparty for a deposition, Rule 45 does not provide any mechanism for compelling a nonparty's attendance at a deposition.[18]

---

[17] Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

[18] *See, e.g.*, *Bankers Ins. Co. v. Egenberg*, No. CV 19-13129, 2020 WL 7033673, at *3 (E.D. La. Aug. 6, 2020) ("Rule 45(d)(2)(B) addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections; it does not expressly authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition."); *MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018) (providing that Rule 45(d)(2)(B) "addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections and therefore does not authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition" (quotations and citation omitted)); *Traut v. Quantum Servicing, LLC*, No. 3:18-MC-14-D-BN, 2018 WL 1035134, at *8-9 (N.D. Tex. Feb. 23, 2018) (providing that

In his motion to compel, Mr. Keller contends that Synchrony has failed or refused to respond to the Subpoenas or acknowledge the Subpoenas in any way. Thus, by Mr. Keller's own admission, Synchrony did not serve any written objections under Rule 45(d)(2)(B) to the Subpoenas' request to produce documents. Without any such objections, the provisions of Rule 45(d)(2)(B)(i)-(ii) do not apply, which makes Mr. Keller's motion to compel procedurally improper as it relates to the Subpoenas' request to produce documents. Mr. Keller's motion to compel is likewise procedurally improper as it relates to the Subpoenas' request for a deposition because, as stated above, Rule 45 does not provide for a motion to compel a nonparty's attendance at a deposition. Therefore, the court must deny Mr. Keller's motion to compel Synchrony's compliance with the Subpoenas.[19]

Here, the only relief available to Mr. Keller is under Rule 45(g), which provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." However, before exercising its civil contempt authority, the court must first issue an order to show cause requiring Synchrony to appear and

---

Rule 45(d)(2)(B) "addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections" and that "the only mechanism under the Federal Rules available" for a nonparty's failure to attend a deposition pursuant to a Rule 45 subpoena is to move for contempt sanctions under Rule 45(g)).

[19] Fed. R. Civ. P. 37 does not provide an avenue for relief because the relevant failures Rule 37 handles are a deponent's failure to answer a specific question, a *party's* failure to answer an interrogatory or produce documents, or a *party's* failure to attend a deposition. Fed. R. Civ. P. 37(a)(3)(B), (d)(1)(A). Synchrony is not a party in Mr. Keller's case in the District of Minnesota, which is why he relied on a Rule 45 subpoena. Because Rule 45 is the applicable rule of decision here, the court must rely on its provisions to address noncompliance issues.

6

show cause why its failure to comply with the Subpoenas should be excused.[20] The court will issue such an order only on motion from Mr. Keller. As explained below, the court will provide Mr. Keller with the opportunity to file such a motion before closing this case.

### III. The Court Permits Mr. Keller to File a Procedurally Proper Motion Concerning the Subpoenas.

Because the court has denied Mr. Keller's motion to compel on procedural grounds, the court permits him to file a procedurally proper motion concerning the Subpoenas under Rule 45(g). Mr. Keller must file any such motion on or before October 18, 2024, and the motion must include a certificate of service showing that the motion was served on Synchrony. Briefing on any such motion shall proceed in accordance with DUCivR 7-1(a)(4)(D). If Mr. Keller fails to file such a motion by October 18, 2024, the court will direct the Clerk of Court to close this case.

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Keller's motion to transfer his motion to compel to the District of Minnesota[21] is DENIED.

---

[20] *Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) (providing that in civil contempt proceedings, the Due Process Clause requires that the contemnor "be given reasonable notice and an opportunity to be heard"); *Frederick v. Panda No 1 LLC*, No. 17-CV-00420-WJM-KMT, 2018 WL 4927907, at *6 (D. Colo. Apr. 9, 2018) (providing, in the context of Rule 45(g) contempt sanctions, that "the Due Process Clause requires a contemnor be given reasonable notice and an opportunity to be heard"), *report and recommendation adopted as modified sub nom.*, No. 17-CV-0420-WJM-KMT, 2018 WL 4627105 (D. Colo. Sept. 26, 2018); *Price v. Kansas*, No. 09-3172-CM, 2009 WL 10656807, at *3 (D. Kan. Aug. 18, 2009) ("Civil contempt proceedings are subject to due process considerations, and the potential contemnor must be afforded notice and a hearing, unless the contempt occurs in open court and civil contempt sanctions are imposed immediately.").

[21] ECF No. 1.

2. Mr. Keller's motion to compel Synchrony's compliance with the Subpoenas[22] is DENIED.

3. On or before October 18, 2024, Mr. Keller may file a procedurally proper motion concerning the Subpoenas under Rule 45(g).

4. Any such motion must include a certificate of service showing that the motion was served on Synchrony.

5. Briefing on any such motion shall proceed in accordance with DUCivR 7-1(a)(4)(D).

6. If Mr. Keller fails to file such a motion by October 18, 2024, the court will direct the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED this 4th day of October 2024.

BY THE COURT:

*[signature]*

JARED C. BENNETT
United States Magistrate Judge

---

[22] *Id.*